13-4239-cv
*Savino v. Town of Southeast*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of July, two thousand fourteen.

PRESENT:

  JOSÉ A. CABRANES,
  SUSAN L. CARNEY,
  CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

VITO SAVINO, SAVINO, INC.,

   *Plaintiffs-Appellees,*

    -v.-              No. 13-4239-cv

TOWN OF SOUTHEAST, CHARLES TESSMER, CODE ENFORCEMENT OFFICER, TOWN OF SOUTHEAST, SUED IN HIS INDIVIDUAL CAPACITY,

   *Defendants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLEES:**   MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

**FOR DEFENDANTS-APPELLANTS:**  STEPHEN J. GABA, Drake, Loeb, Heller, Kennedy, Gogerty, Gaba & Rodd, PLLC, New Windsor, NY.

1

Interlocutory appeal from an order, entered October 21, 2013, of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court denying summary judgment is **AFFIRMED** and the cause **REMANDED** for further proceedings consistent with this Order.

Plaintiffs Vito Savino and Savino, Inc., (jointly, "Savino") allege violations of their Fourteenth Amendment right to equal protection under the law by defendants the Town of Southeast ("Southeast" or the "Town") and its former zoning code enforcement officer, Charles Tessmer. Defendants appeal here from an order of the District Court denying their motion for summary judgment and denying Tessmer qualified immunity.

## BACKGROUND

Savino alleges an equal protection violation under two theories of liability. First, he asserts that Tessmer and the Town discriminatorily applied the facially neutral zoning laws on the basis of Savino's Italian national origin, and second, he asserts that defendants selectively enforced the zoning laws against him. Specifically, Savino alleges that the issuance and prosecution of several zoning violation tickets was motivated by discrimination and that he was treated differently than similarly-situated comparators.

As direct evidence for this discrimination, Savino points to a dispute over whether he had a proper zoning permit to install a sign. He alleges that at that time Tessmer handed him a cease-and-desist order and told him, "You Guineas think you can get away with anything." Savino also points to two neighboring businesses he claims are similarly situated, but which were not prosecuted for zoning violations.

## DISCUSSION

### 1. Jurisdiction Over Tessmer's Interlocutory Appeal

"Although the denial of a motion for summary judgment is generally not appealable, an exception applies where . . . the challenged denial is based on the rejection of qualified immunity." *DiStiso v. Cook*, 691 F.3d 226, 239 (2d Cir. 2012). We have jurisdiction over the District Court's denial of qualified immunity only insofar as that denial "turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Kelsey v. Cnty. of Schoharie*, 567 F.3d 54, 60 (2d Cir. 2009).

Where, as here, a district court denies a defendant qualified immunity, we have appellate jurisdiction over that defendant's interlocutory appeal "if the defendant contests the existence of a dispute or the materiality thereof as a matter of law, or contends that he is entitled to qualified

2

immunity even under plaintiff's version of the facts." *DiStiso*, 691 F.3d at 239 (internal quotation marks omitted).

Here, defendants contend that, even under Savino's version of the facts, Tessmer is entitled to qualified immunity. For the reasons set out below, we disagree and affirm substantially for the reasons stated in the District Court's thorough and well-reasoned opinion.

## 2. Qualified Immunity

"Qualified immunity shields law enforcement officers from § 1983 claims for money damages provided that their conduct does not violate clearly established constitutional rights of which a reasonable person would have been aware." *Zalaski v. City of Hartford*, 723 F.3d 382, 388 (2d Cir. 2013). "The qualified immunity test is an objective one." *Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007). In making this assessment, we ask "[d]o the facts, viewed in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right," and, if so, "[w]as the right at issue clearly established at the time of the defendant's actions?" *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007).

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Here, it is beyond peradventure that the right to be free from application of a neutral law, or selective enforcement of a law, because of race or national origin is clearly established. For this proposition, the District Court relied on *Yick Wo v. Hopkins*, 118 U.S. 356, 373–74 (1886), and *LeClair v. Saunders*, 627 F.2d 606, 610 (2d Cir. 1980); we could cite dozens of other cases for these same basic principles of equal protection. The District Court properly found that "it is unreasonable to believe that applying or enforcing a law based on someone's national origin does not violate the Fourteenth Amendment, and no official of reasonable competence would disagree." *Savino v. Town of Southeast*, No. 11 Civ. 483 (NSR), 2013 WL 5730043, at *14 (S.D.N.Y. Oct. 21, 2013).

Assuming as we must that Tessmer made the "Guineas" comment that Savino imputes to him, there are genuine issues of material fact concerning whether Tessmer intentionally discriminated against Savino because of his Italian national origin. Given this direct evidence of discriminatory intent, the District Court properly concluded that summary judgment was inappropriate, because a reasonable juror could find that Tessmer violated the Equal Protection Clause by selectively enforcing the zoning laws against Savino, Inc., on the basis of Savino's national origin. It is inappropriate to review that decision here. Rather, the issue of whether it was objectively reasonable for Tessmer to believe his conduct did not violate clearly established law requires resolution of genuine factual disputes as to what Tessmer's motivations were, which cannot be resolved on this appeal. *See Johnson v. Jones*, 515 U.S. 304, 319–20 (1995).

3

Defendants also assert that we should reverse the District Court's order of October 21, 2013, because Savino's constitutional rights were never, in fact, violated. But we agree with the District Court that there are open material issues of fact, and so we must affirm. One of the material issue of fact that remains in dispute—Tessmer's motivations and whether he actually made the "Guineas" comment—goes both to whether he is entitled to qualified immunity and whether Savino's equal protection rights were in fact violated. We conclude that summary judgment was properly denied as to both theories of equal protection.

### 3.  Pendent Appellate Jurisdiction Over Southeast's Interlocutory Appeal

Defendants also ask that we exercise pendent appellate jurisdiction to review the District Court's denial of summary judgment as to the Town of Southeast.

We have discretion to exercise pendent appellate jurisdiction over "issues that are not ordinarily subject to interlocutory review only when: (1) they are inextricably intertwined with the determination of qualified immunity; or (2) their resolution is necessary to ensure meaningful review of the district court's ruling on qualified immunity." *Walczyk*, 496 F.3d at 153 (internal quotation marks omitted); *see also Bolmer v. Oliveira*, 594 F.3d 134, 141 (2d Cir. 2010). This discretion should be exercised only in "exceptional circumstances." *Natale v. Town of Ridgefield*, 927 F.2d 101, 104 (2d Cir. 1991); *see also Jones v. Parmley*, 465 F.3d 46, 65 (2d Cir. 2006) ("Pendent appellate jurisdiction is a procedural device that rarely should be used because of the danger of abuse and . . . accordingly, we must exercise such jurisdiction only in exceptional circumstances." (internal alterations and quotation marks omitted)).

The circumstances of this case do not justify choosing to exercise our discretionary appellate jurisdiction over the Town's appeal.

For the reasons set out above, we **AFFIRM** the October 21, 2013, order of the District Court and **REMAND** the cause to the District Court for further proceedings consistent with this Order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4